■ MARGARET GRADY, Appellant, v. MARCIA ROYCE, Defendant, and CITY OF NEW YORK, Respondent.— Judgment to the extent it is grounded on the order setting aside the jury verdict for plaintiff and against defendant-respondent in a personal injury negligence action, unanimously modified, on the law, on the facts and in the exercise of discretion, to the extent of reversing the part of the judgment in favor of defendant-respondent and ordering a new trial as to it, and, as so modified, affirmed, with costs to plaintiff-appellant. Issues of fact were presented for the jury's consideration as to the existence of a dangerous and defective condition and notice thereof to the defendant-respondent. There was some conflict in the testimony as to the location of the depression or hole. The report of the Inspector of the Division of Sewers should have been received in evidence since it had a bearing on the question. The police officer testified that the hole was approximately 40 feet south of the intersection of 54th Street and First Avenue and was "approximately 8 feet by 8 feet by 6 inches deep". On a new trial more latitude should be given plaintiff in attempting to establish the site of the hole and whether or not it was barricaded and equipped with lights. If it appears barricades and lights were established prior to the alleged occurrence, it might well be that the removal of the barricades or lights or both was within the actual or constructive knowledge of defendant-respondent. The development of the facts was unduly restricted by the Trial Justice. In the interests of justice a new trial is required. Concur — Botein, P. J., Breitel, McNally, Stevens and Eager, JJ.

■ In the Matter of REDMAN & ROGERS, Appellants, v. GERALDINE RESNICK et al., Respondents.— Orders, entered on March 25, 1963 and August 12, 1963, denying appellant attorneys' applications to establish a lien upon their clients' cause of action for personal injuries are unanimously affirmed, with $20 costs and disbursements to plaintiffs-respondents. In affirming we nevertheless hold, as contended by appellants, that if entitled otherwise to assert their lien it would not be restricted to a recovery upon the action they instituted (*Matter of Lourie*, 254 App. Div. 555; *Morgan* v. *Drewry, S. A. R. L.*, 285 App. Div. 1). Appellants do not refute satisfactorily, however, the assertion by the female plaintiff that they were discharged by her husband prior to the commencement of the actions in either the Supreme Court or the Civil Court. Concur — Botein, P. J., Valente, McNally, Stevens and Eager, JJ.